```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
NUKY CONSTANTINI,                                            :
                                    Plaintiff,               :   21 Civ. 6826 (LGS)
                                                             :
                    -against-                                :   **OPINION AND ORDER**
                                                             :
HARTFORD LIFE AND ACCIDENT                                   :
INSURANCE COMPANY,                                           :
                                    Defendant.               :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Nuky Constantini brings this action against Hartford Life and Accident Insurance Company seeking an award of disability income benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Defendant moves to dismiss the First Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, Defendant's motion is granted.

**I.     BACKGROUND**

The following facts are taken from the FAC and are assumed to be true only for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

In 2014, Plaintiff became a full-time employee of Allstate Insurance Company ("Allstate") in New York, New York. Plaintiff received coverage as a participant under an employee welfare benefit plan (the "Plan"), which provided group long-term disability benefits to employees of Allstate.

---

[1] Defendant moved in the alternative to strike Plaintiff's jury demand, which she subsequently withdrew in her memorandum of law in opposition to the motion.

After Plaintiff suffered serious injuries in a motor vehicle accident in January 2018, she left her employment with Allstate.  Plaintiff has not returned to work since then and has been declared disabled by the Social Security Administration.  Plaintiff filed a claim for long-term benefits under the Plan in April 2018.  Defendant denied Plaintiff's claim in May 2018, "indicating that plaintiff did not supply certain medical records for review."

On July 21, 2021, Plaintiff commenced this action in state court, and Defendant timely removed the action on August 13, 2021.  Plaintiff maintains that all of the necessary medical records were provided and that her medical issues qualify her for coverage under the Plan.  The FAC alleges that Defendant's refusal to pay benefits under the Plan violates the terms and conditions of the Plan and 29 U.S.C. § 1132 et seq.

## II.  LEGAL STANDARDS

Ordinarily, a motion to dismiss based on an affirmative defense will not result in dismissal of a complaint because a plaintiff is not required to plead facts negating all possible affirmative defenses.  *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).  However, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Id.* at 319 (internal quotation marks omitted).  Alternatively, a Court may dismiss based on the affirmative defense of failure to exhaust administrative remedies if the plaintiff explicitly admits a failure to exhaust.  *See Leak v. CIGNA Healthcare*, 423 F. App'x 53, 54 (2d Cir. 2011) (summary order) ("Although exhaustion is an affirmative defense, [the plaintiff] explicitly admitted a conscious decision not to exhaust by stating in her objections to the magistrate judge's report and recommendation that she 'chose to go to federal court' rather than to pursue the available administrative remedies." (internal citation omitted)).

On a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (internal quotation marks omitted). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (alteration in original) (internal quotation marks omitted). *See, e.g.*, *Soto v. Disney Severance Pay Plan*, 26 F.4th 114, 117 (2d Cir. 2022) (finding that the Plan and letters denying severance benefits were incorporated by reference into the complaint); *Zeuner v. SunTrust Bank Inc.*, 181 F. Supp. 3d 214, 219 (S.D.N.Y. 2016) (considering the Plan, Claim Denial Letters and Appeal Denial Letters on a motion to dismiss). Here, Defendant argues, and Plaintiff does not dispute, that the Plan and the May 30, 2018, letter denying Plaintiff's claim (the "Denial Letter") are incorporated by reference in, and integral to, the Complaint.

**III.   DISCUSSION**

Defendant's motion is granted because Plaintiff has failed to exhaust her ERISA administrative remedies, a prerequisite to pursuing an ERISA claim. *See Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 55 (2d Cir. 2016) (discussing the "judicially created exhaustion requirement" for ERISA claims). Although failure to exhaust ERISA administrative remedies is an affirmative defense, *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006); *Ruderman v. Liberty Mut. Grp., Inc.*, No. 21 Civ. 817, 2022 WL 244086, at *4 (2d Cir. Jan. 27, 2022), it is considered here because Plaintiff admits that she failed to exhaust. *See Leak*, 423 F. App'x at 54 (affirming dismissal of ERISA claim on a Rule 12(b)(6) motion where plaintiff admitted she did not exhaust).

The Plan requires the participant to file an appeal within 180 days of the claim denial: "On any wholly or partially denied claim, you or your representative must appeal once to the Insurance Company for a full and fair review.  You must complete this claim appeal process before you file an action in court."  Plaintiff does not dispute that the Plan requires exhaustion of remedies and concedes in her memorandum of law that she did not appeal the Plan's denial of her claim for benefits.

Plaintiff argues that she was unaware of the appeal requirement because (1) she was not provided a copy of the Plan until after initiating this action, and (2) the Denial Letter does not state that an administrative appeal is a prerequisite to filing a complaint.  Neither argument is persuasive.  Ignorance of claim procedures does not excuse the exhaustion requirement under ERISA.  *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 134 (2d Cir. 2001), *accord Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d 267, 297 (E.D.N.Y. 2021) ("plaintiffs must exhaust all administrative remedies—to wit, appeals—outlined in ERISA plans, regardless of their awareness of such remedies before bringing suit . . . .").  Not having a copy of the Plan before commencing this lawsuit does not excuse Plaintiff's failure to exhaust.  *See Davenport,* 249 F.3d at 132, 135-36 (affirming dismissal on exhaustion grounds where plaintiff did not request a Summary Plan Description or any Plan documents until after the lawsuit was initiated); *Neurological Surgery, P.C. v. Northrop Grumman Sys. Corp.*, No. 15 Civ. 4191, 2017 WL 389098, at *7 (E.D.N.Y. Jan. 26, 2017) ("Not having copies of the Plans before the commencement of this litigation does not relieve the Providers of seeking an appeal of the denial of the December 10th claim . . . .").  Plaintiff suffered no prejudice from not being provided with a copy of the plan when the Denial Letter clearly put Plaintiff on notice of the appeal requirement.  *See, e.g.*, *Woods v. Unum Life Ins. Co. of Am.*, No. 9 Civ. 908, 2011 WL 166205,

4

at *6 (D. Conn. Jan. 19, 2011) (concluding that even if Defendant failed to provide a copy of the policy, the claim was still barred for failure to exhaust because plaintiff could not demonstrate prejudice, as subsequent letter clearly instructed Plaintiff on necessary steps to appeal).

Plaintiff disputes that she was on notice of the requirement, emphasizing that the letter states that Plaintiff "*may* submit an appeal." (emphasis added). Identical language has been upheld as sufficient. *See, e.g.*, *Greifenberger v. Hartford Life Ins. Co.*, 131 F. App'x 756, 758 (2d Cir. 2005) (concluding that policy provision that a participant "may appeal" establishes administrative exhaustion requirement); *Jiggetts v. CIGNA Healthcare*, No. 10 Civ. 4242, 2011 WL 747098, at *2 (S.D.N.Y. Feb. 1, 2011) (same), *report and recommendation adopted*, No. 10 Civ. 4242, 2011 WL 767098, at *1(S.D.N.Y. Mar. 1, 2011); *Forsythe v. CIGNA Healthcare*, No. 9 Civ. 7633, 2010 WL 3767127, at *2 (S.D.N.Y. Aug. 30, 2010) (same), *report and recommendation adopted*, No. 9 Civ. 7633, 2010 WL 3767125, at *1 (S.D.N.Y. Sept. 27, 2010). The Denial Letter also states, "Should the claim decision be upheld on appeal, you will *then* have the right to bring a civil action under Section 502(a) of ERISA . . . ." (emphasis added).

Plaintiff argues that the exhaustion requirement is excused because any appeal would have been futile. Failure to exhaust may be excused where a plaintiff "make[s] a clear and positive showing that pursuing available administrative remedies would be futile." *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013) (internal quotation marks omitted), *accord Ruderman*, 2022 WL 244086, at *2 (summary order). Plaintiff asserts that the appeal would have been denied for the same reason the claim was denied -- i.e., that certain records were allegedly missing. This argument falls short; conclusory allegations that an appeal would have fallen on deaf ears are not sufficient to make a clear and positive showing that the appeal process would have been futile. *See Aetna Health Inc.*, 511 F. Supp. 3d at 297; *see also Diamond v.*

5

*Local 807 Lab. Mgmt. Pension* Fund, 595 F. App'x 22, 25 (2d Cir. 2014) (summary order) ("putative denial of benefits contained in a letter [does] not render futile further pursuit of [plaintiff's] claims through the proper channels" (second alteration in original) (internal quotation marks omitted)); *Greifenberger*, 131 F. App'x at 759 ("To the extent [plaintiff] asserts that [defendant's] initial unreasonable denial of her benefits claim indicates the futility of further appeal, this court has expressly ruled that such allegations are insufficient to establish futility . . . .").

### IV. LEAVE TO REPLEAD

A "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) (internal quotation marks omitted). Plaintiff has already amended the complaint. Any further amendment would be futile because Plaintiff admits she has not exhausted administrative remedies, and the time to do so has passed. *See, e.g.*, *Ruderman*, 2022 WL 244086, at *4 (affirming district court's denial of leave to amend as futile where plaintiff failed to exhaust administrative remedies).

### V. CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**. The Clerk of Court is respectfully directed to terminate all outstanding motions and to close the case.

Dated: June 3, 2022
      New York, New York

                                        LORNA G. SCHOFIELD
                                 UNITED STATES DISTRICT JUDGE